314-0858 David Hunters, appellate by Ali Smith v. Board of Trustees of the Police Pension Fund of the City of Galesburg, appellate by Evan Haim May it please the Court. Evan Haim on behalf of the Board of Trustees of the Galesburg Police Pension Fund. Good afternoon, Your Honor's Counsel. The matter before you, the facts, are largely not in dispute. Mr. Hendricks was arrested for stealing cocaine and methamphetamines from the police evidence vault of the Galesburg Police Department. He was indicted. He pled guilty. He was ultimately convicted of possession of a controlled substance and official misconduct. During the sentencing, he received probation under the task statute and served his entire sentence. Following completion of his sentence, Mr. Hendricks applied for a retirement pension. He also then got the conviction vacated. The criminal court did vacate the conviction, yes. The following, the same day, he applied for a retirement pension benefit from the Galesburg Police Pension Fund. The pension fund gave notice of the hearing a few months later. Mr. Hendricks communicated the Friday before the hearing with counsel for the pension board, indicating his intention to attend. The hearing went forward. Mr. Hendricks did not appear. He did not send counsel. There was no evidence, testimony, facts, or any documentation that Mr. Hendricks... Who's counsel for the pension board? Is that, it's not the state's attorney, is it? No, it's actually our law firm. Yeah, retained, okay. Yes, it's retained counsel, yes. Okay, thank you. The hearing proceeded. The board considered the matter and ultimately decided to deny Mr. Hendricks' application for a retirement benefit. He then took his administrative review before the circuit court, and now we are here. The circuit court obviously reversed the decision to deny Mr. Hendricks his retirement pension benefits. And the basis for that denial? The basis was Section 3-147 of the Illinois Police Pension Code, which prohibits a receipt of pension benefits for an individual convicted of a felony arising out of or relating to his police service, which is what the board determined was the case with regards to Mr. Hendricks based on his conviction. Which felony? Which count was that? Both, actually, Your Honor, in terms of possession of a controlled substance and official misconduct, both of which were related to his theft of controlled substances from the Galesburg Police Evidence Vault. So the unlawful possession of the controlled substance was because of the theft from the evidence locker? It was because of the drugs that he had in his possession as a result of the theft from the evidence locker. Okay, but, I mean, if it were simple possession, is that grounds for denial? If it is a felony, then yes. So any felony? No, any felony related to police service. And the critical element is there has to be a conviction. There has to be a conviction, correct. Now, where is the conviction in this case? The conviction, Your Honor, was when the plea was accepted by the court. Mr. Hendricks' position, which is our contention, has been waived. And I will get to where the conviction is, but I think it's important for this court to note that Mr. Hendricks never presented any evidence before the administrative body. And when one does not present evidence or arguments or facts in an administrative hearing, all of those arguments are waived. It's procedural default. The law is very clear. When you don't present it in an administrative body, you cannot then present those arguments for the first time on administrative review before they serve the court, which is what Mr. Hendricks did here. But the record is very clear that the conviction was vacated, and at the time the board was hearing this matter, there was no outstanding conviction. Is that correct? That is correct if the conviction was properly vacated. Which determines whether something is properly vacated or not. Does the board act like the appellate court? In this instance, the board is the original determiner of whether or not there is a conviction such under 34-147 that warrants denial of a pension application. Well, conviction is a legal issue, isn't it? Whether the conviction is in place, it's our contention, is at the very least a mixed question of fact and law, in that Mr. Hendricks was sentenced under the task statute. In order to be sentenced under the task statute, there are certain exemptions. One of those exemptions is 402A, which is a conviction for possession of a controlled substance, which is what he was convicted of. It was the pension board's determination that the conviction and the sentencing under the task statute that permitted the conviction to be vacated was void under the void sentence rule. Isn't it kind of presumptuous for this agency, this board, to make that ruling without going in trying to somehow vacate the task? I don't understand that. I don't understand the power of the agency to do that. The agency, the sole domain of the Galesburg Police Pension Fund is the administration and distribution of pension funds to those who are entitled to receive it. And therefore, it is the board's providence to make a determination as to whether or not Mr. Hendricks' application should be approved or denied. Conviction is a court-ordered conviction, right? Correct. And in this case, the conviction was vacated by a court. Improperly. Let's say improperly. It was vacated by the court. So as the record stands now in Illinois, is there an Illinois conviction against the person who's requesting the pension in Illinois? By the determination of the Police Pension Fund, they believe so, yes. But they believe so. How is it that they believe so when there is law out there that either you've been convicted and there's a conviction outstanding in the record or not? And right now, can you go to the criminal court and find that there's a conviction against this person who's requesting the pension? I have not tried, Your Honor. I do not know. I would suspect that probably not. However— What do you mean suspect? It's a given, isn't it, in this case that the conviction was vacated? But when a court oversteps statutory authority, the conviction is void. And therefore, the then vacation of that conviction is also void as a matter of law. And so the board gets to determine those things. I mean, did the court have jurisdiction over this matter? The circuit court? Yeah. For administrative review? Yes. No. No. No. Did the court that vacated the conviction have jurisdiction over this matter, over the subject matter? I believe so. There was no challenge as far as I know to the jurisdiction. And so how do you say it's void? They had jurisdiction. It might be voidable. But— It's not voidable. It is void. Under the void sentence rule— But don't you need a court to say that? Don't you need a judge to say that? I mean, I just— I mean, the word that keeps recurring to me is it's kind of presumptuous, this administrative agency, to take the place of the circuit court. Are you talking about an interdiction? One of the points that—this brings me to one of the points that I would like to bring to this court, which is that Section 3-147 carries with it a certain public policy. That public policy is that an officer receiving a pension should not benefit from their own wrongdoing. And that is what the pension board is charged with, is making sure that Mr. Hendricks, who was arrested for stealing cocaine and methamphetamines from a police evidence vault and convicted and sentenced and served his sentence for those two felony counts, should not benefit by receiving a publicly funded pension after having— Are there grounds for the board to deny a pension other than conviction of a felony? For a retirement pension, I think the grounds are fairly narrow. There are instances where an officer doesn't put in the proper paperwork, hasn't made the proper contribution. There are other grounds, which are largely irrelevant here, as to when the board may deny pension benefits. And it's important for this court to remember that this wasn't—this isn't a divestiture hearing. This was an application for retirement benefits. And Mr. Hendricks, all the arguments that this court has raised as basis for reversing the decision of the pension board were raised by Mr. Hendricks at the circuit court. However, those arguments were never presented to the pension board. I mean, my difficulty is this standard that the board looks at requires a conviction to deny the benefits. A conviction. Correct. And in this case, a court of law wrongfully vacated the conviction. So as it stands today, this is not disputed. As it stands today, that conviction was vacated. And there was a request made after the vacation of that conviction to get the pension. So what the board is doing is ignoring the fact that the court in Illinois vacated the conviction. The board made a determination that the portions of the conviction that did not go beyond statutory authority remain in place. He served 180 days in jail. He spent 30 months in probation. He paid a $2,000—excuse me, $1,500 fine. And he at least submitted to drug testing during the course of his probation. All of those things still remain having been served. He served his conviction. He served the sentence in connection with that conviction. The portion under the task statute that permitted the court to consider Mr. Hendricks' motion to vacate the conviction was beyond the court's authority. And because the sentencing was beyond the court's authority, the consideration and granting of the motion to vacate was therefore also beyond the court's authority and is also void—unvoidable but void. How many other cases are there where the board has served as an appellate court like this? There are many cases where the board makes determinations based upon the facts presented and arguments presented before it. I mean, how many times does the board overturn a decision by a circuit court dealing with vacating a conviction? Obviously, Your Honor, the answer is none. And in this case, though, it's our position that we didn't overturn a decision by the circuit court. The pension board made a determination that the sentence under the sentencing of the task statute was void based upon the facts presented before it. Now, Mr. Hendricks may have presented arguments saying that it wasn't void. However, those arguments were waived and are improper to be considered by either the circuit court or this court because they were waived and was procedurally defaulted. Had he wanted to make these arguments, he should have appeared before the pension board. Well, I don't understand the waiver part because they didn't make any arguments. But whether or not that conviction was vacated or not is a given. It's a question of fact. But it's a given that the conviction was vacated. But it's a question of fact as to whether or not the board's determination was correct. And under the manifest weight standard, there is no weight. There is no evidence countering that determination. Is there contrary evidence that the conviction wasn't vacated? I'm sorry, Your Honor? Isn't the only evidence that the conviction was vacated? The only evidence before the pension board was that the conviction was void. That the portion of the conviction allowing for vacation was void. Because the board looked at, unilaterally, because there was no participation by the other side, looked at a court that vacated a conviction under task, and the board took it upon itself to determine that the court didn't have any authority to do that. The court read the statutes, including Section 3-147. And they were aware that the conviction was vacated, but determined that was all void and of no... That the portion of the sentence allowing for the court to consider a motion to vacate was void, and therefore, the court's later determination that the sentence should be void, should be vacated, was also void. The void sentence permits the pension board to make this determination. Court has two minutes. The opposite is true. Excuse me. Go ahead. The opposite is true. A guy's convicted of a crime of disqualifying, he applies for the pension, goes through here, and he says, no, that was wrong. That was wrong. And the pension board says, no, I think that's right. You were wrong to be convicted. We're going to give you the pension. Is that your role under here? No. Just so that I may make sure that I understand correctly, that the inverse occurred, that Mr. Hendricks had been convicted of a crime relating to or arising out of his police service, and the pension board determined that he shouldn't have been convicted for some reason and therefore decided to award him his pension. I think that if the city of Galesburg in this instance had intervened in that hearing and presented evidence that, no, the conviction was proper, that we would probably still be here before your honors. This is just in the inverse relation. But the board has to make a determination. Is there a conviction upon which Section 3-147 prohibits Mr. Hendricks from receiving a police pension? And the board made that determination. And the procedural default and waiver of all arguments contrary to that is what Mr. Hendricks sits here with today. Everything that was presented before the circuit court and everything that was presented before this court were waived. And it's our position it should not be considered by the circuit court and should not be considered by this court. Yes and no. Okay. We have a record, a vacature of the judgment of conviction, correct? It is among the administrative record, yes. Okay. So it is there as a fact. You're not disputing it? No. Okay. So it's there as a fact. Isn't that, in effect, the argument that anyone present at the hearing would have made? Well, the argument before the court is the pension board's decision in order. All other arguments were not presented at the administrative hearing. This court sits in review of the administrative hearing. So there is nothing at the administrative level from Mr. Hendricks.  And, therefore, the vacation of the conviction is void. That is all presented. Those are facts. And those should be considered as facts under the manifest weight standard. And the manifest weight suggests that there is sufficient evidence for the board's determination. The evidence is at one point in time, and this is a record which the court can take notice of, there was a judgment of conviction entered by a court of competent jurisdiction. Is that a fact? There was a conviction entered against Mr. Hendricks. Yes. Right. At one point in time. At another point in time, there is a vacature by that court of competent jurisdiction of the conviction. That's a record. That the court improperly vacated the conviction because it was beyond its statutory authority. That's an argument. I'm asking, is there a fact in the record that shows that? That the conviction was vacated? Yes. There is an order from the criminal court vacating the conviction. Correct. I cannot get around that. No. No, it's a fact. Okay. Yet you based your decision of denial based upon one of the facts that earlier in time there was a judgment of conviction. Correct.  And the board made a determination. And we're on what kind of review? We're on administrative review. Therefore, it is our position that it's the manifest weight standard review. Because you're talking about the facts and the board's consideration of those facts. So is the opposite conclusion clearly apparent that there's no conviction? It's the board's position that it's not clearly apparent. Okay. In light of the fact that the criminal court did not have the statutory authority to vacate the conviction that it had previously properly entered against Mr. Hendricks. You know, I have this question. When you talk about void, in essence you're saying that the initial conviction was void because the court had no authority to enter that conviction giving the task relief. Isn't that correct? If I may, Your Honor, that the portion of the conviction for sentencing under the task statute was void. The court was well within its statutory authority to sentence Mr. Hendricks to 180 days in jail, to sentence him to 30 months of probation, to fine him $1,500. The portion allowing for treatment and ultimately a motion to vacate the conviction under task was beyond the court's statutory authority. Part of the conviction, because the conviction includes a sentence. So part of the conviction, the board's position is, was okay, part was void. Only part of it was void then. The portion by which the court overstepped its authority is void, correct. So that doesn't void out the whole initial conviction? That is exactly the board's position. That's the board's position. So they're saying the court entered an improper conviction order. Correct. An improper sentencing order. They're not one that, they're separate. They are separate. Because in order to be sentenced under task, one first must be convicted. Because it is not mandatory sentencing guidelines. It is a separate treatment provision of the sentencing guidelines that can only be in place once Mr. Hendricks is convicted. The sentencing is void. The conviction remains. Thank you, Your Honor. May it please the court, Lee Smith for the appellee, David Hendricks. And let me start with where Justice Carter was asking and Mr. Haines' response. I mean, there is a separation between convicting of a crime and a sentence. Yeah, I don't think a conviction cannot exist without a sentence. And that's the statutory language, that you have to have a sentence. And what the board is trying to do is like separating an atom with a meat cleaver. They're trying to say, okay, this part of the sentence is okay, and there's a conviction, but this part of the sentence that imposed the task probation isn't okay. And there's no basis for that. And remember, when Mr. Hendricks pleaded guilty, he was told, he was advised, he was eligible for task probation. And he got task probation. He completed it. And that's one of the conditions of that. After completing it, the court had discretion to vacate the sentence, and it did so. So we really have, I'm reminded of Sophie Tucker's song, A Thousand Frenchmen Can't Be Wrong, but we got a wrong vice by the state's attorney, a wrong entry by a circuit judge, and a wrong vacature by another circuit judge. Well, as this court is aware of every day, judges, lower courts, make mistakes. They commit error occasionally. And when they commit error, it results in an avoidable judgment, meaning that the parties can appeal, and if the appellate court or this court or another appellate court sets it aside, then that judgment doesn't exist. That didn't happen here. I mean, it's really undisputed. The board's correct. This person was not eligible for task. He was not eligible under the task statute. The board's absolutely correct on that. We don't dispute that, that the circuit court made an error in that. The state's attorney apparently made an error, but it's there. But you go to the Knox County, as I think Justice Carter was asking about it, you go to the Knox County Courthouse and you look at the complete record,  he had a conviction, and a conviction existed. In 2013, it did not exist. When he applied, we go back, this is a case of basically statutory interpretation. Is he a person under 3147 who is, not was at some time, but is convicted of any felony relating to or arising out of his connections? So given those facts, what's the review standard? The review standard is de novo. This is a case of statutory interpretation. So it's not a manifest waive? No. Assume it was manifest waive. Is the opposite conclusion clearly apparent? The conclusion the board reached? I think it is clearly apparent that they reached the wrong conclusion because they're confronted with a record, a circuit court record, a court record, that there is no conviction. That's the bottom line on this, however you want to look at it, but determining whether a conviction exists or not is, I think, one of the... Is just the law of the case applied to the administrator? Is it like this administrator? Law of the case? Yeah. I mean, I think it is. It's the same principle that, and it's a principle, yeah, it's a principle that appears when we look at stare decisis or res judicata. Parties cannot go and say, you know, that decision from that Smith-Jones case 10 years ago, that was wrong. It was wrong, and everybody knows it's wrong, and so ignore that case. Or a case of... The board wasn't a party to that. It was not a party to it, and whether it could have had an influence to that or not, I don't know, but they were not a party to it. They are forced to accept that, and if they do not, Let me ask a very pointed question, a good question, in that if the board's position is correct and it becomes the auditor, the decider of whether it's a conviction or not, then it's just fair game when somebody comes up on one of these cases. They can say, you know, sure, I have a conviction. I was convicted, but let's go back and re-weigh the evidence. Let's go back and look at that. There was a motion to suppress that should have been filed and should have been granted. Let's have another trial on the merits. The Wysan case last year from the Illinois Supreme Court was a case where a liquor store was deprived of its liquor license because one of its employees had a conviction in federal court, and the liquor store tried on administrative review to go back and say, let's go back and look at that employee's conviction. It really had some problems with it, and let's re-do that. The Illinois Supreme Court said, no, you can't go back and re-try a case when there has been a conviction. It's the same principle here. Courts are the property to determine when there is a conviction, and if a court has determined that in this case it's vacated, whether that's right or wrong, but until another court, a higher court, says that it is incorrect, then the administrative body is out. You see the board is sort of in a box. What can they do as far as standing to do something about this conviction? The vacation of this conviction. I suppose they could apply. I don't know that there's a tough way. For what? Apply to have some of the arguments that they make here. If they want to apply to the court, I don't think they have standing to do that. That's what I'm asking, what standing do they have? I don't think they have standing, but they could have sought to influence the decision in the first place, but they... The state's attorney? The state's attorney. How would they even know to get involved in that country? I mean, there wasn't an application for the pension until after the conviction was vacated, correct? Right, but this was a case in Galesburg that I think attracted some attention. I don't think there was any... When, okay, how long? You have to file the motion within, what, 30 days? Yep, the motion was finally filed. Before even the serving of the sentence, correct? Right, right. And so we had a five-year period, roughly? Roughly, yeah. So within that five-year period, they could perhaps have intervened? Yes, and say, offhand, I don't know of any procedures I could tell them how to do it, but I think that would have been the time, but to just say at the end, well, it was wrong, and that just flies in the face of what must be accepted in the court's proper role and the board's proper role in this process. Well, the only thing they could have done is educate the state's attorney, and hopefully the education could be passed on to the judge that vacated. Perhaps. The argument's made that there's been a waiver here. I was not representing Mr. Hendricks before the board. I didn't represent him until after the board made its decision, but he did what probably all applicants for a pension do. They submitted an application for the pension, and he submitted the order vacating his sentence. Everything that was necessary for the board to reach its decision was there. I didn't have a lawyer to represent him, but the court on administrative review can review all matters that are fairly in the record. This was completely in the record. There is a very lawyerly opinion from the board or its attorney setting forth their analysis and rationale and why they reached the decision they did, but there's nothing that they've been deprived of, or there's nothing unjust or unfair about raising these arguments. They're the same arguments and the same facts, same court documents that the board had. The underlying question is the fact that the conviction was vacated, even if it was wrongfully vacated, the fact that it was vacated. What's the jurisdiction or authority of the board to reassess that final judgment? I don't think it has any authority to do that. As I say, I think the cases are clear that once there is an order from the court, and the court that has jurisdiction, and I think you heard Mr. Iams say that the court, the criminal court had jurisdiction over this, so there isn't any claim that they lacked jurisdiction or that the sentence or its order was invalid because it didn't have jurisdiction. It clearly did. So there's just no basis for saying that the board can reassess what is a conviction and what isn't. I mean, I guess can you have parallel lines of authority? For the state of Illinois, this man has no conviction. That's correct. For the state of Illinois, because there was a court in the state of Illinois that vacated the conviction. But for purposes in the pension land, he is convicted. Only because this board has said that he is convicted. Now, the board's authority has to derive from the statutory language. It can't just decide, well, we like this person, this is a good person, we don't like this person, he's done some bad things, and the statutory language of 3-147, it is a person who is convicted of any felony. And there is no basis for saying, okay, that's our determination. That's the board's determination of when someone is convicted of a felony. The definition of conviction, of felony, of all these things, these are legal terms. They are created by the legislature and the court. They are not created by a pension board. A pension board can't say, well, for our definition, a conviction means this. A felony means this. And, in fact, I pointed out in our brief, if the legislature wants to say, well, a guilty plea is a felony, or a guilty plea is a conviction, I suppose they could change the language to do that. There are some provisions in the, for example, the sentencing guidelines, and in the Oklahoma statute, which allow something less than an actual, what we would consider a conviction, to count for a conviction. Well, I suppose the statute could say if you plead guilty to an offense and not even talk about sentencing, if you plead guilty to underlying facts, you're denied your pension. That could be part of the statutory language. The legislature can amend it if it's so inclined to do that. But that's not what this statute says. It says, is convicted of any felony. When he is a person, at the time they apply, is he convicted of a felony? And in Illinois, he is not. It's just a felony, per se. It says any felony. Any felony relating to a… That's what I was going to say. Right. It's more than just any felony. Right. It has to relate to a rising hour of connection, and there are other public employees that has to rise out of their service. Right. There has to be some annex. There has to be an annex, simply because it's a felony. Your Honor is correct. But there was an annex in this case. We don't dispute that there was an annex between his service as a police officer and the felony that he was originally convicted of. What is it? I'm just curious. What is that annex? Count three, there's clearly an annex. There's an official misconduct, yes. The count one is the one we're focusing on. Yeah, that was, I think… It was 15 to 100 grams or so of cocaine. Yeah, it was taken. I think the conviction was that he was charged with taking it from a police vault, from an evidence vault. From the evidence locker. So the connection is that it is that substance that was in the vault. Yeah. That was what he pleaded guilty to in the two counts. You know, I mean, they're not using this language, but part of the Board of Judgements is this is crazy, right? It's crazy in that, well, if we look at, I guess the Board's view is that, well, he, and in fact, in their brief, I think they say, well, this Board was trying to do the right thing, and the Circuit Court didn't do the right thing. I think it was, you know, the right thing, I'm not sure, the right thing kind of varies between person to person, group to group, and, you know, as lawyers and as judges, you know, we take an oath to apply the law, and the law and the statute here is what it says. You know, it's not a value judgment, and it shouldn't be a value judgment here. If you say, well, you know, whatever the Board thinks ought to be, you know, since the one time he did plead guilty to this, you know, that's close enough. Was there something he could have applied to that he would have been eligible for TASC? Yeah, I suppose he could have pleaded guilty. Actually, the official misconduct, if there had been a plea to that, you know, that would have been not, that would not have excluded him from TASC. I think it was the drug conviction, I think. I haven't looked at it in close, but I think that's, you know,  Yeah. You've got to have some drug-related, don't you? Well, yeah, I mean, in the official misconduct, there was drug, but you have to be an addict. And under the statute, I think, that whether addicts loosely interpreted, but yeah. But again, we have a situation where he's told at this, yeah, you are eligible for TASC if you plead guilty to this. I'm sure that was a big consideration in the plea that was ultimately worked out. And one of the things the board is trying to do is saying, well, okay, let's just look at this part of the sentence here. And this part is still good. He still has a conviction, but this part, the TASC part, is bad. We're not going to honor that at all or recognize that at all. Charging is up to the discretion of the state's attorney's office, and they could have charged him with a lot less than felonies. They could have, and whether So there's all sorts of things. Yes. That if, indeed, they were trying to get a dismissal from the police force and still preserve pension. Yeah. And obviously the state has a tremendous amount of discretion in the charges. So I think my time is up. I think I touched on all the points I wanted to, and I would ask that this court affirm the judgment and decision of the circuit court. Thank you. Thank you, Mr. Smith. Thank you, Your Honors. I have two hopefully relatively brief points on the rebuttal, the first of which is a point to dovetail with something Justice Carter just said. The result Mr. Hendricks seeks is crazy. The courts have faced situations such as this before, and the case law is clear. The Illinois Supreme Court has said that to allow Mr. Hendricks to receive a pension would undermine the public policy underlining the statute, which used to ensure that the retirement of a corrupt public servant is never financed by the very constituency whose trust was betrayed. Mr. Hendricks, there's no question he was convicted of stealing drugs from a police evidence vault. There's no question that both counts of his conviction. There is a sufficient nexus to his police service. He wouldn't have been there. He wouldn't have been convicted of official misconduct. There is also some precedence for Section 3-147 warranting and being approved for use to divest a police officer of their police pension. I'm going to butcher the name of the case for this. I believe it's Jejelnik v. Board of Trustees v. the Village of Mundelein, where a police officer was convicted of a misdemeanor of battery while in uniform and on duty. He was convicted of a misdemeanor. The appellate court affirmed the denial of his not-lying-of-duty disability pension application because the court found that he should not benefit from his own misconduct. And that is what Mr. Hendricks is seeking this court to permit, to allow him to receive a publicly funded pension based upon his theft of drugs from an evidence locker. And the second point is— But see, to that argument, we're looking at a statute here. This statute says that a person would be eligible for the pension—I mean, from what's before us here, a person is eligible for the pension unless they have a conviction. And there's a conviction here that was vacated. So as it stands now in the state of Illinois, he does not have a conviction. And, Your Honor, can we say, as a court, Well, the policy behind that rule is that we don't want to condone misconduct. So even though his conviction was vacated, we are going to say that we're going to ignore that part and say that really, you know, we're still not going to allow the person to have a pension, even though it doesn't fit the statutory requirement. Your Honor, under People v. Tooley, if a court imposes a sentence in excess of that permitted by law, the authorized portion of the sentence is not void, but the excess portion of the sentence is void. It was the board's determination that the excess portion of the sentence was the sentencing of probation under tax. In those cases you cite like that, they're all people versus something or other. Those are appeals in criminal cases where a court is making that determination. You're all of a sudden taking on the role of the appellate court to make that determination? Your Honor, the board has to make a determination as to whether or not Section 3-147 is appropriately exercised in denying it. I understand that. And in order to do that, they need to look at the facts and the law. That's correct. They're an administrative body. And in People v. Dean, the court said that the task statute, the act makes clear that no criminal defendant receives a disposition of task probation before entry of a judgment of conviction. Therefore, Mr. Hendricks was convicted. He was then sentenced under the task statute. And if he was sentenced under the task statute improperly, beyond the court's jurisdiction, because it was beyond its statutory authority, that portion of the sentence is void. And it even states in Dean, it does not make sense to construe the term convicted as it is used in Section 40-5 of task. You know, we've got a whole surrounding thing. Here a person pleads for a certain thing, pled the task, was told he could plead the task, pled that way. And what you're saying, the fact that they had plea negotiations and he makes this plea, we can accept part of it but not another part he can't get the benefit of. When you vacate any conviction and, you know, you were under direct appeal, you'd be remanding it for further proceedings, wouldn't you? If this court were hearing an appeal from Mr. Hendricks' criminal case that he was improperly sentenced, then I suspect, yes, you would be sending it back down to the circuit court for further proceedings. Then he'd have a choice of whether they're going to go to trial, they're going to plead to something else, all kinds of choices like that. Does the board have the authority to do that? The board did not send this back to the circuit court. The board looked at the facts as presented by Mr. Hendricks' application, which included a conviction that was void as a matter of law because it was beyond the court's statutory authority. And the board looked at the statute and the public policy and the facts before it and determined that Mr. Hendricks should not be permitted to benefit from his criminal conviction. Did the board look at the case while dealing with if there's a promise made to defend it and you don't get a part of your, you know, the contractual relationship and the plea, that the whole thing is vacated? Did they look at that? Had Mr. Hendricks appeared and presented such an argument, the board may have considered it. It's for the reasons that we've stated here today, that the board requests that, upon reviewing of the administrative decision, that it affirm the decision of the pension board and reverse the circuit court's reversal of the pension board's decision. Thank you. Thank you, Mr. Van. And thank you both for your arguments. It's certainly a unique set of facts. We will take this matter under advisement and get back to you with a written disposition within a short day. And now we'll take a short recess for questions.